IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONYA GRANGER, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 17-cv-3027 |
| | § | |
| LIGHTHOUSE PROPERTY INSURANCE | § | |
| CORPORATION AND | § | |
| TIMOTHY ALAN MERCER, | § | |
|     Defendants | § | |

## NOTICE OF REMOVAL

Defendants, Lighthouse Property Insurance Corporation ("Lighthouse" or "Defendant") pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the action captioned as Cause No. 2017-57509; *Tonya Granger v. Lighthouse Property Insurance Corporation and Timothy Alan Mercer*; in the 151st Judicial District Court of Harris County, Texas. In support of this Notice of Removal, Defendant respectfully represents the following:

### I.

### FACTUAL BACKGROUND

**1.** On August 31, 2017, Plaintiff Tonya Granger ("Plaintiff") filed this lawsuit in Harris County, Texas, naming Lighthouse and Mercer as defendants. The lawsuit is cause no. 2017-57509, *Tonya Granger v. Lighthouse Property Insurance Corporation and Timothy Alan Mercer*, in the 151st Judicial District Court of Harris County, Texas. The lawsuit is about a wind-and-hail claim that Granger made arising out of a May 30, 2017, storm. **Exhibit 1**, Plaintiff's Petition at ¶ 11.

**2.** Lighthouse received the Petition on September 11, 2017, through CT Corporation, who was served on September 11, 2017, by certified mail. See **Exhibit 2**, the Service-of-Process

Transmittal from CT Corp to Lighthouse, and **Exhibit 3**, the certified copy of the Domestic Return Receipt filed in the state court lawsuit, also reflecting September 11, 2017, as the date of service on Lighthouse.   Upon information and belief, Mercer has not yet been served. Lighthouse filed a state court answer on October 10, 2017, and Mercer has not yet made an appearance.

3.      Lighthouse files this Notice of Removal within 30 days of service of receiving Plaintiff's initial pleading.  *See* 28 U.S.C. § 1446 (b).  Also, this Notice of Removal is filed within one year of the commencement of this action.  *See id.*

4.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, the following exhibits are attached hereto and incorporated herein by reference:

> **Exhibit 1: a** certified copy of the Plaintiff's Original Petition
>
> **Exhibit 2**: a true and correct copy of Service of Process Transmittal
>
> **Exhibit 3:** certified copy of the domestic return receipt for service on Lighthouse
>
> **Exhibit 4:** certified copy of the Certified Mail Receipt regarding Mercer
>
> **Exhibit 5:** certified copy of the Certified Mail Receipt regarding Lighthouse
>
> **Exhibit 6:** certified copy of the Citation to Lighthouse
>
> **Exhibit 7:** certified copy of the Citation to Mercer
>
> **Exhibit 8:** certified copy of the state court civil information sheet
>
> **Exhibit 9:**  certified copy of the state court civil process request
>
> **Exhibit 10:**  a true and correct copy of the state court Docket Sheet
>
> **Exhibit 11:** a true and correct copy of Lighthouse's Original Answer, Special Exceptions, and Defenses

**Exhibit 12:** Index of Matters Filed

**Exhibit 13:** List of All Parties and Counsel of Record

5.      A notice with a copy of this Notice of Removal is also being filed with the 151st Judicial

District Court of Harris County, Texas, and served upon the Plaintiff on the same day this Notice

of Removal is filed.

6.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because the district and division

embrace Harris County, Texas, the place where the removed action has been pending.

## II.

## BASIS FOR REMOVAL

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1),

1441(a) and 1446.  This is a civil action between citizens of different states, and the amount in

controversy exceeds the sum of $75,000, exclusive of interests and costs.

### A.      The Proper Parties Are of Diverse Citizenship.

8.      Upon information and belief, Plaintiff is, and was at the time the lawsuit was filed, a

resident of the State of Texas.  **Exhibit 1**, Plaintiff's Original Petition, ¶ 2.

9.      Lighthouse is, and was at the time this lawsuit was filed, incorporated under the law of

the State of Louisiana, and has its principal place of business in Florida.  It is authorized to do

business in the State of Texas.

10.      Upon information and belief, Mercer is, and was at the time this lawsuit was filed, a

resident and citizen of the State of Texas.  **Exhibit** 1, Plaintiff's Original Petition, ¶ 4.  With

respect to claims against Mercer, Lighthouse asserts that Mercer has been improperly joined in

this action.  Therefore, Mercer's Texas citizenship should be disregarded for the purposes of

evaluating diversity in this matter and his consent is not needed for this removal.

**11.**     Because Plaintiff is a citizen of Texas and Defendant Lighthouse is a citizen of Louisiana, complete diversity of citizenship exists among the proper parties.

### B.     Timothy Mercer Was Improperly Joined in This Lawsuit.

**12.**     Plaintiff's Original Petition alleges that Mercer "engages in the business of selling property and casualty insurance policies in the State of Texas."  **Exhibit 1**, Plaintiff's Original Petition, ¶ 6.  However, Plaintiff has improperly joined Mercer as a party to this lawsuit.

**13.**     A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law cause of action against the non-diverse defendant.[1]  Defendant would show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company.*[2]  Mercer, an insurance adjuster (not an agent as alleged in Plaintiff's Original Petition) committed no tort or other offense in his individual capacity.

**14.**     When fraudulent or improper joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists.[3]  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent or improper joinder of that party.[4]

**15.**     The Court may conduct the *Smallwood* test using a Rule 12(b)(6) type analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery.[5] The failure to

---

[1] *Smallwood v. Illinois, Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999).

[2] *Smallwood*, 385 F.3d at 573.

[3] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990).

[4] *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

[5] *Smallwood*, 385 F.3d at 573.

specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.[6] Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ."[7] In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[8]

**16.**     Further, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). The purpose is to give the defendant "fair notice of what the claim is and the grounds upon which it rests."[9] And the complaint must plead "enough facts to state a claim to relief that is plausible on its face."[10] Yet, the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action."[11] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[12] And "[f]actual allegations must be enough to raise a right to relief above the speculative level."[13] "When the

---

[6] *Waters,* 158 F.R.D. at 109.

[7] *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).

[8] *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10– 4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H– 09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar. 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted).

[10] *Id.* at 547.

[11] *Id.* at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[13] *Iqbal*, 556 U.S. at 679 (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility.[14]

17.     Here, Plaintiff asserts generic claims against Mercer for violations of the Texas Insurance Code in violation of the Deceptive Trade Practices Act, Fraud, Negligence, and Gross Negligence. **Exhibit 1**, Plaintiff's Original Pet., pp. 12-16.  Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff will be able to establish liability against Mercer, because no real facts relating to him have been set forth that would establish any of the causes of action alleged against him. Only four paragraphs in the fact section relate to Mercer. **Exhibit 1**, Plaintiff's Original Pet., ¶¶ 5-17 & 19.  Plaintiff's claims against Mercer consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.[15] As such, plaintiff cannot "establish a cause of action against [Mercer] in state court."[16] Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Mercer, his presence should be disregarded in determining diversity jurisdiction.

18.     Mercer has been improperly joined in this case because none of the claims asserted by Plaintiff provide a basis to recover against Mercer.  Mercer committed no independent tort in his individual capacity, and there is no possibility of Plaintiff establishing a cause of action against him.

19.     Plaintiff's claims against Mercer fail because Plaintiff does not allege any facts to show that Mercer could be held individually liable separate and apart from Lighthouse.  For the Texas Insurance Code Chapter 541 and DTPA allegations against Mercer, Lighthouse concedes that

---

[14] *Id*. at 663.

[15] *See Bell Atlantic Corp v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964 – 65, 167 F.Ed.2d 929, 940 (2007); *see also, Iqbal*, 556 U.S. 662.

[16] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (*citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zürich American Ins. Co*., Civil Action No.  H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).

under Texas law individual adjusters like Mercer can be held individually liable for violations thereunder.[17]  For an adjuster to be held individually liable, however, "they must have committed some act that is prohibited by the section, *not just be connected to an insurance company's denial of coverage.*"[18]  Where, as here, Plaintiff does not assert facts to show that Mercer, individually, committed an actionable violation of the Texas Insurance Code and/or DTPA (and/or fraud or negligence) giving rise to damages that are independent of the alleged contractual harm caused by the insurer, such claims cannot survive dismissal.[19]

**20.**     Plaintiff does not allege that Mercer owed her any duty under the insurance policy or that he had the authority to bind Lighthouse with regard to the insurance policy.

**21.**     In this context, the Texas Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[20]

**22.**     The only specific factual allegations regarding Mercer are as follows:

> 15. Lighthouse assigned or hired Timothy Alan Mercer to adjust the claim on June 7, 2017:
>
>> a.  Mercer had a vested interest in undervaluing the claims assigned to him by Lighthouse in order to maintain his employment.  The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Mercer.  The

---

[17] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d. 721, 724 (N.D. Tex.  2014).

[18] *Id.*

[19] *See Nasti v. State Farm Lloyds*, 2014 WL 234352 (S.D. Tex. Feb. 24, 2014) (where petition alleged that adjuster inspected the property and submitted an undervalued estimate to the insurer, "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

[20] *Okenkpu v. Allstate Texas Lloyd's*, Civ, A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No, H-10-1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A, No, 14-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, *6 (S.D. Tex. Mar. 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H-10-2095, 2011 WL 1044206, *3 (March 16, 2001)).

valuation of damages that were included in 's [sic] report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of [sic].

b. Furthermore, Mercer was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Mercer had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Mercer made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

16. After the completion of the inspection, Mercer found that there was $1,807.30 in damages to the property.

17. After application of the policy deductible, Plaintiff was left with $137.30. This is not an adequate recovery amount to complete proper repairs on Plaintiff's home.

. . .

19. Mercer conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its [sic] estimate and yielded an unrealistic amount to deny coverage.

**23.** The allegations against Mercer are centered around the assertion that his estimate of damages was too low. Plaintiff alleges that Mercer knew the deductible so that he could estimate the damages below the deductible, but then states that the estimated damages exceeded the deductible and the Plaintiff was paid $137.30. Plaintiff, therefore, does not make any allegation of "specific actionable conduct" implicating Mercer separate and apart from the damages claimed for Lighthouse's assessment of the covered damages resulting in a $137.30 payment for damages that exceeded the deductible.[21] Texas law is clear that to be liable for alleged Insurance Code violations, Mercer, individually, must have committed the violation that caused the harm.[22] Here, the alleged harm is Lighthouse's underpayment of the claim. Mercer's assessment and estimation of the damages is not specifically actionable conduct. There are no specific

---

[21] *Griggs*, 181 F.3d at 700 (5th Cir. 1999) (holding that a showing of a possibility of establishing a state law claim requires the pleading of "specific actionable conduct" implicating the non-diverse defendant).

[22] *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F. Supp.2d 697 (S.D. Tex. 2007).

allegations about Mercer's alleged misrepresentations, fraud, or negligence. Plaintiff's complaint about Mercer is simply that his adjustment was too little, resulting in a smaller-than-desired payment on the claim.  There are no allegations to support the Plaintiff's claims against Mercer for fraud or negligence, and nothing to establish causes of action against him that are distinct from the causes of action against Lighthouse.

**24.**     As a result, based on the sparse facts alleged in the Petition, there is no possibility of Plaintiff establishing a Chapter 541 claim, a DTPA claim, fraud, negligence, or gross negligence against Mercer.[23]

**25.**     Moreover, it is likely that Plaintiff has filed this lawsuit and joined Mercer as a defendant before September 1, 2017, to avoid the application of new Section 542A of the Texas Insurance Code, and thereby avoid removal.  Section 542A became effective on September 1, 2017, and contains a mechanism through which insurance companies may prevent the joinder of individual "agents," which includes adjusters, to lawsuits, by electing to accept whatever liability an "agent" might have to the claimant.  Such an election prevents the agent from being named as a defendant, or, if the lawsuit has already been filed, results in the dismissal of the agent, thereby making the lawsuit effectively removable, unless another non-diverse defendant is named or the amount in controversy is less than $75,000.  Certainly, it was permissible for Plaintiff to file this lawsuit before the effective date of the new section 542A, but the fact that the lawsuit was filed before September 1, 2017, even though the statute of limitation will not expire until May 2019, supports Lighthouse's assertion that Mercer was improperly joined to avoid removal.

**26.**     This Court should find that Mercer was improperly joined for purposes of diversity jurisdiction and dismiss him from this lawsuit.

---

[23] *Messersmith*, 10 F. Supp.3d. at 724.

       **C.**       **The Amount in Controversy Exceeds $75,000.00.**

**27.**     This is a civil action in which the amount in controversy exceeds $75,000.  Plaintiff's

Petition expressly alleges that Plaintiff seeks "only monetary relief of no less than $100,000, but

no more than $200,000, including damages of any kind, penalties, costs, expenses, prejudgment

interest, and attorney fees." **Exhibit** 1, Plaintiff's Original Petition, ¶ 85.

**III.**

**CONCLUSION AND PRAYER**

**28.**     Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.

Lighthouse Property Insurance Company hereby removes this case to this Court for trial and

determination.

                          Respectfully submitted,

                          */s/ Marjorie M. Salazar*
                          Marjorie M. Salazar
                          Attorney-in-charge
                          Texas Bar No. 24033030
                          Federal Bar No. 1121045
                          **THE MONSON LAW FIRM**
                          900 Rockmead Drive, Suite 141
                          Kingwood, Texas 77339
                          Telephone: (281) 612-1920
                          Facsimile: (281) 612-1971
                          marjorie@monsonfirm.com

                          ATTORNEY FOR DEFENDANT LIGHTHOUSE
                          PROPERTY INSURANCE CORPORATION

10

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this, the 10th day of October, 2017 to:

Chad T. Wilson
Nicholas John Saranto
Chad T. Wilson Law Firm
455 East Medical Center Boulevard, Suite 555
Webster, TX 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
nsaranto@cwilsonlaw.com

David P. Wilson
Provost Umphrey Law Firm LLP
490 Park Street, Suite 100
Beaumont, TX 77701
dwilson@pulf.com


*/s/ Marjorie M. Salazar*
Marjorie M. Salazar