8/31/2017 9:35 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19190846
By: Justin Kitchens
Filed: 8/31/2017 9:35 PM

2017-57509 / Court: 151

NO. ____________________

| | | |
|---|---|---|
| TONYA GRANGER, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| LIGHTHOUSE PROPERTY INSURANCE CORPORATION and TIMOTHY ALAN MERCER, | § | |
| Defendants. | § | ________ DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tonya Granger ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Lighthouse Property Insurance Corporation ("Lighthouse"), and Timothy Alan Mercer ("Mercer") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2. Plaintiff, Tonya Granger, resides in Harris County, Texas.

3. Defendant, Lighthouse Property Insurance, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Lighthouse Property Insurance through its registered agent for service, **CT Corporation**

Certified Document Number: 76521825 - Page 1 of 21

**System, Suite 900,Bryan Street; Dallas, Texas 75201-3140** . Plaintiff requests service at this time.

4. Defendant, Timothy Alan Mercer, is an individual resident of Humble, Texas. Plaintiff requests service of citation upon Washington at the address listed with the Texas Department of Insurance: **8811 FM 1960, Bypass Road West, Suite 400; Humble, Texas 77338-3952**. Plaintiff requests service at this time.

**JURISDICTION**

5. The Court has jurisdiction over Lighthouse Property Insurance because it engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Timothy Alan Mercer because he engages in the business of selling property and casualty insurance policies in the State of Texas, and the causes of action arise out of his business activities in the state, including those in Harris County, Texas, with reference to this specific case.

**VENUE**

7. Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

8. Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

Certified Document Number: 76521825 - Page 2 of 21

9.  Plaintiff owns an Lighthouse Property Insurance homeowner's insurance policy, number LTM1000670 ("the Policy"), which was issued by Lighthouse.  At all relevant times, Plaintiff owned the insured premises located at 21110 Brushy Canyon Drive, Houston, Texas 77073-2974 ("the Property").

10. Lighthouse, through its agent, sold the Policy, insuring the Property, to Plaintiff. Lighthouse represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

11. On or about May 30, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas, area.

12. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Lighthouse against the Policy for damage to the Property.  Lighthouse assigned claim number TX001779 to Plaintiff's claim.

13. Plaintiff asked Lighthouse to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system.  The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior:  first bedroom, first bedroom closet, bathroom, foyer, foyer closet, second bedroom, second bedroom closet, media room, living room, master bedroom, dining room, kitchen, and pantry.

15. Lighthouse assigned or hired Timothy Alan Mercer to adjust the claim on June 7, 2017:

Certified Document Number: 76521825 - Page 3 of 21

a. Mercer had a vested interest in undervaluing the claims assigned to him by Lighthouse in order to maintain his employment. The disparity in the number of damaged items in Mercer's report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Mercer. The valuation of damages that were included in 's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of.

b. Furthermore, Mercer was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. He had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Mercer made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

16. After the completion of the inspection, Mercer found that there was $1,807.30 in damages to the property.

17. After application of the policy deductible, Plaintiff was left with $137.30. This is not an adequate recovery amount to complete proper repairs on Plaintiff's home.

18. To date, Plaintiff has received $137.30 for damage to Plaintiff's Property. The damage to

19. Mercer conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to deny coverage.

20. Lighthouse has ultimately refused any additional coverage which includes, but is not

Certified Document Number: 76521825 - Page 4 of 21

limited to, replacement of the roof and interior walls in a manner that complies with Harris County building codes.   The damage to Plaintiff's Property is currently estimated at $43,912.15.

21.   As stated above, Defendant improperly adjusted Plaintiff's claim.   Without limitation, Defendant misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.   Lighthouse made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.   Lighthouse made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Lighthouse's agent.

23.   Plaintiff relied on Defendants' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.   Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.

24.   Upon receipt of the inspection report from Mercer, Lighthouse failed to assess the claim thoroughly.   Based upon Lighthouse's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to denying coverage, Lighthouse failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.   Because Lighthouse failed to provide coverage for Plaintiff's insurance claim, Plaintiff has

Certified Document Number: 76521825 - Page 5 of 21

been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Lighthouse failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Lighthouse refused to pay any additional proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. Lighthouse's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Lighthouse and Plaintiff.

28. Lighthouse's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Lighthouse has failed to settle Plaintiff's claim in a fair manner, although Lighthouse was aware of their liability to Plaintiff under the Policy. Specifically, Lighthouse has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. Lighthouse's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Lighthouse failed to provide Plaintiff a reasonable explanation for denial of the claim.

30. Additionally, after Lighthouse received statutory demand on June 24, 2017, Lighthouse has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for

Certified Document Number: 76521825 - Page 6 of 21

failing to settle Plaintiff's claim properly.

31. Lighthouse's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Lighthouse refused to provide coverage to Plaintiff under the Policy due to Defendants' failure to conduct a reasonable investigation.

32. Specifically, Lighthouse, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. Lighthouse's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Lighthouse failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34. Lighthouse's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Lighthouse failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Lighthouse has delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received payment.

35. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

Certified Document Number: 76521825 - Page 7 of 21

## CAUSES OF ACTION AGAINST DEFENDANT LIGHTHOUSE PROPERTY INSURANCE CORPORATION

### BREACH OF CONTRACT

36. Lighthouse is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Lighthouse and Plaintiff.

37. Lighthouse's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Lighthouse's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38. Lighthouse's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39. Lighthouse's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40. Lighthouse's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Lighthouse's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Certified Document Number: 76521825 - Page 8 of 21

41. Lighthouse's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42. Lighthouse's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

43. Lighthouse's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. Lighthouse's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

45. Lighthouse's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

46. Lighthouse's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Lighthouse knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Certified Document Number: 76521825 - Page 9 of 21

**DTPA VIOLATIONS**

47. Lighthouse's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Lighthouse pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Lighthouse. Specifically, Lighthouse's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Lighthouse has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Lighthouse's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Lighthouse represented to Plaintiff that the Policy and its adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Lighthouse represented to Plaintiff that Lighthouse's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Lighthouse advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

Certified Document Number: 76521825 - Page 10 of 21

E.   Lighthouse breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Lighthouse's actions are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Lighthouse's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Lighthouse's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.   Each of the above-described acts, omissions, and failures of Lighthouse is a producing cause of Plaintiff's damages.  All of Lighthouse's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.   Lighthouse is liable to Plaintiff for common-law fraud.

50.   Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as

51.   he did, and Lighthouse knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

Certified Document Number: 76521825 - Page 11 of 21

52. Lighthouse made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT TIMOTHY ALAN MERCER

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

53. All allegations above are incorporated herein.

54. Mercer's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

55. Mercer is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Safeco, because Mercer is a "person," as defined by TEX. INS. CODE §541.002(2).

56. Mercer knowingly underestimated the amount of damage to the Property. As such, he failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

57. Furthermore, Mercer did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

58. Mercer's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

59. Mercer's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

Certified Document Number: 76521825 - Page 12 of 21

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

**DTPA VIOLATIONS**

60. All allegations above are incorporated herein.

61. Mercer's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against. Specifically, Mercer's violations of the DTPA include the following matters:

A. By this Defendant's acts, omissions, failures, and conduct, has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Mercer's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Mercer represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Mercer represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

Certified Document Number: 76521825 - Page 13 of 21

D. Mercer's actions are unconscionable in that took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. His unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E. Mercer's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62. Each of Mercer's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by him, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

**FRAUD**

63. All allegations above are incorporated herein.

64. Safeco assigned or hired Mercer to adjust the claim.

a. Mercer had a vested interest in undervaluing the claims assigned to him by Safeco in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of him. The valuation of damages that were included in Mercer's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of him.

b. Furthermore, Mercer was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. He had advanced knowledge of what amount

Certified Document Number: 76521825 - Page 14 of 21

of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Mercer made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d. Mercer made further misrepresentations to Plaintiff during his inspection. He used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

**GROSS NEGLIGENCE**

65. All allegations above are incorporated herein.

66. Mercer's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a. Mercer's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

b. Mercer had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

67. Mercer intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Safeco. His estimate was to such an extreme

Certified Document Number: 76521825 - Page 15 of 21

degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## NEGLIGENCE

68.   All allegations above are incorporated herein.

69.   Mercer was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.   Failure to conduct a reasonable inspection;

    b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

70.   Mercer's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

71.   At all relevant times, Mercer was an agent or employee of Defendant Safeco.

72.   Mercer's unreasonable inspection was performed within the course and scope of his duties with Defendant Safeco. Therefore, Safeco is also liable for the negligence of Mercer through the doctrine of respondeat superior.

Certified Document Number: 76521825 - Page 16 of 21

## KNOWLEDGE

73. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

74. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

75. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

76. Plaintiff currently estimates that actual damages to the Property under the Policy are $43,912.15.

77. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

78. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of the claim, consequential damages, together with attorney's fees.

Certified Document Number: 76521825 - Page 17 of 21

79.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

80.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

81.   For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Lighthouse owed, exemplary damages, and damages for emotional distress.

82.   Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

Certified Document Number: 76521825 - Page 18 of 21

83. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

84. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

85. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

**REQUESTS FOR DISCLOSURE**

86. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

**JURY DEMAND**

87. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

Certified Document Number: 76521825 - Page 19 of 21

jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendants, Lighthouse Property Insurance Corporation and Timothy Alan Mercer, be cited and served to appear, and that upon trial hereof, Plaintiff, Tonya Granger, recovers from Defendants, Lighthouse Property Insurance Corporation and Timothy Alan Mercer, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff, Tonya Granger, may show Plaintiff is justly entitled.

*<Signature page to follow>*

Certified Document Number: 76521825 - Page 20 of 21

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Nicholas John Saranto
Bar No. 24091355
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
nsaranto@cwilsonlaw.com

By: */s/ David P. Wilson*

PROVOST UMPHREY LAW FIRM LLP

David P. Wilson
Bar No. 21672700
DWilson@pulf.com
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888

ATTORNEYS FOR PLAINTIFF

Certified Document Number: 76521825 - Page 21 of 21



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this October 10, 2017

Certified Document Number: 76521825 Total Pages: 21

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**